IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

| | | |
|---|---|---|
| RAFI WALI MCCALL,<br>Institutional ID No. 75238 | § | |
| | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO.  1:21-CV-00199-C |
| | § | |
| LASALLE CORRECTIONS ROLLING | § | |
| PLAINS DETENTION CENTER, *et al.*, | § | |
| | § | |
| Defendants. | § | |

## PLRA FILING FEE ORDER

Came on for consideration Plaintiff's Application for Leave to Proceed *in Forma Pauperis*. The Prison Litigation Reform Act of 1995 (PLRA) requires prisoners seeking to bring civil actions to pay an initial partial filing fee. The PLRA further requires prisoners thereafter to pay the balance of the full filing fee ($350.00[1]).

The Court, having considered the application in light of the PLRA, finds that the following order should be entered.

It is **ORDERED** that:

(1)    Plaintiff is granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.

(2)    Plaintiff will not be assessed an initial partial filing fee because he lacks the requisite funds in his prison account to pay an initial fee; however, plaintiff will be required to pay the full filing fee of $350.00 pursuant to the PLRA.

---

[1] Where a prisoner plaintiff has been granted leave to proceed *in forma pauperis*, a $350 filing fee will be deducted from the prisoner's account. *See* District Court Miscellaneous Fee Schedule. If the prisoner plaintiff has not been granted leave to proceed *in forma pauperis*, he must pay the $350 fee plus a $52 administrative fee, resulting in a total filing fee of $402. *See id.*

(3)    Plaintiff shall pay the $350.00 in monthly installments as provided in 28 U.S.C. § 1915(b)(2). The agency having custody of Plaintiff shall deduct 20% of each deposit made to Plaintiff's inmate trust account and forward payments to the Court on a regular basis provided the account exceeds $10.00.

(4)    Service of process shall be withheld pending judicial screening pursuant to 28 U.S.C. § 1915(e)(2).

(5)    No amendments or supplements to the complaint shall be filed without prior Court approval. A complete amended complaint shall be attached to any motion to amend.

(6)    All discovery in this case is stayed until an answer is filed or until further order.

(7)    No motions for appointment of counsel shall be filed until the Court has completed its screening pursuant to 28 U.S.C. § 1915(e)(2), which may include a hearing pursuant to *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985), or such other proceedings deemed appropriate by the Court.

(8)    Plaintiff shall promptly notify the Court of any change of address by filing a written notice of change of address with the Clerk. Failure to file such notice may result in this case being dismissed for want of prosecution.

(9)    The Clerk shall transmit a copy of this Order to Plaintiff and to the TDCJ Inmate Trust Fund.

Plaintiff is advised that State law may require forfeiture of good conduct time credits as a sanction for a state or federal lawsuit brought by an inmate while in the custody of the Texas Department of Criminal Justice, Institutional Division (TCDJ-ID), or while the inmate is in custody awaiting transfer to TDCJ-ID, that is dismissed as frivolous or malicious. *See* Tex. Gov't Code Ann. § 498.0045 (Vernon 2012).

Dated January 11, 2022.

SAM R. CUMMINGS
Senior United States District Judge

2